**LAW OFFICES OF**

**UGO UZOH, P.C.**

255 LIVINGSTON STREET, 4TH FL.
BROOKLYN NY, 11217
PHONE: (718) 874-6045
Attorneys for plaintiff

------------------------------X------------------------------
```
COLIN BARTLEY,                  : UNITED STATES DISTRICT COURT
           Plaintiff(s),        : SOUTHERN DISTRICT OF NEW YORK
                                :
                                : CASE No.: 08 CV 10797 (RMB)
     against                    :
                                : CIVIL ACTION
                                :
THE CITY OF NEW YORK,           : AMENDED COMPLAINT
DETECTIVE ALBERT VELEZ          :
[SHIELD NO. 4287],              : PLAINTIFF DEMANDS
DETECTIVE IRVIN NOAK            : TRIAL BY JURY
[SHIELD NO. 854],               :
                                :
           Defendant(s).        :
```
------------------------------X------------------------------

TAKE NOTICE, the Plaintiff, Colin Bartley, hereby appears in this action by his attorneys, The Law Offices of Ugo Uzoh, P.C., and demands that all papers be served upon him, at the address below, in this matter.

Plaintiff, Colin Bartley, by his attorneys, Ugo Uzoh, P.C., complaining of the defendants, The City of New York, Detective Albert Velez [Shield No. 4287] and Detective Irvin Noak [Shield No. 854], collectively referred to as the defendants, upon information and belief alleges as follows:

### NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the First, Fifth, Eight, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the

plaintiff, as a result of the malicious actions and negligence of the defendants, arising from the illegal and unlawful arrest and detention of the plaintiff by the defendants in March 2007 and the serious and permanent personal injuries sustained by the plaintiff in July 2008 during his detention and incarceration by the defendants.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343(a), and this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, treaty, customary international law and norms, custom and usage of a right, privilege and immunity secured to the plaintiff by the First, Fourth, Fifth, Eight and Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 U.S.C §1983 and under the First, Fourth, Fifth, Eight, and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff is a resident of the State of New York.

7. Detective Albert Velez [Shield No. 4287] and Detective Irvin Noak [Shield No. 854] are Police Officers and at all times relevant to this action are Police Officers of the City of New York Police Department and are acting under color of state law. Said Police Officers are being sued in both their individual and official capacities.

8. The defendant City of New York is a municipality in the State of New York and employs the other named defendants.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. On or about March 1, 2007, the defendants invited the plaintiff to the Rockerfeller Center located in Midtown Manhattan, New York. When the plaintiff arrived, the defendants arrested the plaintiff and falsely charged him with PL 140.20, 'Burglary In The Third Degree.'

10. At the time of the March 1, 2007 arrest, defendant Police Officers arrested the plaintiff and tightly handcuffed the plaintiff with his hands placed behind his back and took him to their detention facility where the plaintiff was detained and interrogated for several hours. During the entire time plaintiff was still restrained with handcuffs. Even though the plaintiff repeatedly informed defendant Police Officers that he did not commit any crime or offense, defendant Police Officers still persisted in their efforts to harass and intimidate the plaintiff. The defendants detained the plaintiff for approximately three (3) weeks, and did not arraign or allow the plaintiff to appear before a judge until several days after his arrest. Upon arraignment, plaintiff was charged with various criminal offenses including PL 140.20, 'Burglary In The Third Degree.' Plaintiff was eventually released about three (3) weeks thereafter, but subsequently returned to the Criminal Court on various occasions to defend the false charges that were levied against him by the defendants. On September 7, 2007, following a lengthy trial at the Criminal Court, the plaintiff was found not guilty of the false and malicious charges that were levied against him by the defendants.

11. Additionally, on or about July 14, 2008, as the defendants were in the process of transporting the plaintiff to the courthouse, the defendants viciously attacked the plaintiff without cause or reason. The defendants threw the plaintiff to the fortified concrete floor with great force with several defendant Police Officers stamping upon the plaintiff with their feet and thereby causing the plaintiff to sustain severe injuries on his right hand, his lower back and other parts of his body. Even though the plaintiff was clearly seriously injured and in need of immediate medical care and attention as a result of the serious injuries that were inflicted upon him by the defendants,

the defendants nonetheless denied the plaintiff of his request for emergency medical care and forced the plaintiff to appear at the courthouse while he was in serious pain and suffering.

12. Further, at various times between April 2008 and September 2008, the defendants in a concerted effort to deny and deprive the plaintiff of his freedom of worship, incessantly harassed and intimidated the plaintiff. The plaintiff, who is a practicing Rastafarian, was forced to shave his beard, was cited for not submitting himself to strip searching in front of several inmates at the Rickers Island Correctional Facility, and had his religious headgear removed and either tossed or unlawfully seized and confiscated on several occasions. Even though the plaintiff clearly explained to the defendants the religious significance of his headgear and beard, and the fact that his religion disfavors striping in front of other people, the defendants still proceeded to harass, force and or deprive the plaintiff of the opportunity and freedom to worship and practice his religious observances.

13. That even though the defendants knew, or should have known based on the facts, that plaintiff did not commit any crime or offense, they still proceeded to detain and or arrest the plaintiff, and used excessive force to assault, detain, and imprison the plaintiff just to intimidate plaintiff.

14. That at no time during the arrest was plaintiff read his Miranda rights or allowed to make a phone call or inform his family that he had been arrested.

15. That plaintiff was maliciously prosecuted without any just cause or reason, and with defendants' fully aware that plaintiff was innocent of the charges against him at all times relevant.

16. That plaintiff did not commit any offense against the laws of New York City and or State for which the March 1, 2007 arrest may be lawfully made. At no time did the plaintiff trespass or obstruct any act or administration of government, or engage in any conduct which in any way justified the illegal and unlawful actions of the defendants.

17. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer serious

injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish, unwarranted severe anger bouts, permanent scarring and severe physical pains in various parts of his body some or all of which may be permanent.

18. The illegal and unlawful arrest, and plaintiff's wrongful imprisonment particularly in light of the fact that the defendants had full knowledge of the lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

19. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

20. As a direct and proximate result of plaintiff's illegal and unlawful detention and confinement, plaintiff has lived and continues to live in constant fear, continues to suffer from nightmares, is now fearful of stepping outside and whenever he sees a police officer or government official or is in the midst of a police officer or government official, he suffers various emotional setbacks and attacks. Additionally, plaintiff has been unable to function normally which has caused a severe strain and breakdown in his personal relationships, in and outside of his home and family circles.

21. As a direct and proximate result of defendants' actions, plaintiff was arrested and imprisoned without just or probable cause.

22. As a direct and proximate result of defendants' actions, plaintiff was deprived of his due process rights, and rights, remedies, privileges, and immunities under the First, Fifth, Eight, and Fourteenth Amendments to the United States Constitution, and treatise, ordinances, customary international law and norms, custom and usage of a right, and the laws of the City and State of New York.

23. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline its officers and or agents including the defendants in this case, for violation of the constitutional rights of its citizens, thereby causing its

officers and or agents including the defendants in this case, to engage in unlawful conducts.

24. The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

25. By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the First, Fifth, Eight, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

26. That the actions of the defendants were malicious, illegal, unlawful, and directed at depriving the plaintiff of his constitutional rights.

27. This action has been commenced within three years after the occurrence of the event(s) upon which the claim is based.

## AS A FIRST CAUSE OF ACTION:

42 U.S.C Section 1983 - against all defendants

28. Plaintiff hereby restates paragraphs 1-27 of this complaint, as though fully set forth below

29. By depriving plaintiff of his freedom of worship, subjecting plaintiff to incessant harassment, detaining and imprisoning plaintiff without justification, probable cause or reasonable suspicion, and using excessive force, defendants deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the First, Fifth, Eight, and Fourteenth Amendments of the United States Constitution.

30. In addition, the individual defendants conspired among themselves to deprive plaintiff of his constitutional

rights secured by 42 U.S.C. Section 1983, and by the First, Fifth, Eight, and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

31. The individual defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as officers of the City of New York. Said acts by defendant officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive the plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the First, Fifth, Eight, and Fourteenth Amendments to the United States Constitution.

32. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

## AS A SECOND CAUSE OF ACTION:

Excessive Force - all defendants

33. Plaintiff hereby restates paragraphs 1-32 of this complaint, as though fully set forth below

34. In using excessive force, physically assaulting, handcuffing, threatening, intimidating plaintiff, the individual defendants, acting in their capacities as officers of the City of New York, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiff.

35. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

## AS A THIRD CAUSE OF ACTION:

False Arrest and False Imprisonment - all defendants

36. Plaintiff hereby restates paragraphs 1-35 of this complaint, as though fully set forth below

37. The defendants wrongfully, illegally and unlawfully arrested, detained, and imprisoned plaintiff.

38. The wrongful arrest, detention, and imprisonment of plaintiff were carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion.

39. At all relevant times, the defendants acted with excessive force in apprehending, detaining, and imprisoning the plaintiff.

40. Throughout this period, plaintiff was unlawfully, wrongfully, and unjustifiably harassed, detained, threatened, deprived of his liberty, and imprisoned.

41. All of the foregoing occurred without any fault or provocation on the part of the plaintiff.

42. The defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward the plaintiff.

43. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A FOURTH CAUSE OF ACTION:

Malicious Prosecution - all defendants

44. Plaintiff hereby restates paragraphs 1-43 of this complaint, as though fully set forth below

45. After the plaintiff was incarcerated for about three (3) weeks, following his March 1, 2008, and subsequently released, the plaintiff returned to the Criminal Court on various occasions to defend the false charges that were levied against him by the defendants. On September 7, 2007, following a lengthy trial at the Criminal Court, the plaintiff was found not guilty of the false and malicious charges that were levied against him by the defendants.

46. As a result of defendants' actions plaintiff was deprived of his liberty and was restricted in his ability to travel and engage in his usual occupation and normal lifestyle.

47. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A FIFTH CAUSE OF ACTION:

Due Process Rights - all defendants

48. Plaintiff hereby restates paragraphs 1-47 of this complaint, as though fully set forth below

49. The acts described herein had the intent and the effect of grossly humiliating and debasing the plaintiff and inciting fear and anguish.

50. These acts included, among other things, subjection to strip naked and forced body cavity searches, sleep deprivation, denial of food and water, lack of basic hygiene, unreasonable exposure to harsh weather conditions, exposure to prison inmates with history of violence and sexual abuse or depravation, exposure to violent aggressions, assault and harassment by prison inmates, denial of medical treatment, denial of access to medication and proper medical care, and denial of visitation and communication with family and friends.

51. The defendants denied plaintiff the treatment needed to remedy his serious medical condition and did so because of their deliberate indifference to plaintiff's need for medical treatment and care.

52. Defendants are liable for said conducts in that defendants participated in, set the conditions, directly and or indirectly facilitated, ordered, acquiesced, confirmed, ratified and or conspired together in denying plaintiff his due process rights.

53. Plaintiff suffered severe immediate physical and psychological abuse as a result of the acts alleged herein. Plaintiff continues to suffer profound physical and psychological trauma from the acts alleged herein.

54. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

## AS A SIXTH CAUSE OF ACTION:

New York State Constitution, Art. I, §§ 3, 5 & 12

55. Plaintiff hereby restates paragraphs 1-54 of this complaint, as though fully set forth below

56. By reason of the foregoing, and by denying the plaintiff of his freedom of religion, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 3 (guaranteeing religious liberty), Article I, § 5 (prohibiting cruel and unusual punishments) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

57. In addition, the individual defendants conspired among themselves to deprive plaintiff of his constitutional rights secured by Article I, §§ 3, 5 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

58. Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendants' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 3, 5 & 12 of the New York Constitution.

59. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

60. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A SEVENTH CAUSE OF ACTION:

Intentional Infliction of Emotional Distress - all defendants

61. Plaintiff hereby restates paragraphs 1-60 of this complaint, as though fully set forth below.

62. The defendants engaged in extreme and outrageous conducts, intentionally and recklessly causing severe emotional distress to plaintiff.

63. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the detention and imprisonment by defendants.

64. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A EIGHT CAUSE OF ACTION:

Negligent Hiring and Retention of Employment Services - against defendant City of New York.

65. Plaintiff hereby restates paragraphs 1-64 of this Complaint, as though fully set forth below.

66. Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

67. Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct(s) described herein.

68. Upon information and belief, defendant City of New York, knew or should have known through the exercise of

reasonable diligence that the defendant officers were not prudent and were potentially dangerous.

69. Upon information and belief, defendant City of New York's negligence in hiring and retaining the defendant officers proximately caused plaintiff's injuries.

70. Upon information and belief, because of defendant City of New York's negligent hiring and retention of the aforementioned defendant officers, plaintiff incurred and sustained significant and lasting injuries.

### **RESPONDEAT SUPERIOR**

71. Defendants, their officers, agents, servants, and employees are responsible for the damages suffered by plaintiff; defendant City of New York, as employer of the defendant officers, is responsible for their wrongdoing under the doctrine of respondeat superior.

**WHEREFORE**, plaintiff respectfully requests judgment against the defendants as follows:

1. On the First Cause of Action against all defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorney's fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial, punitive damages against defendant Police Officers in an amount to be determined at trial;

3. On the Third Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial, punitive damages against defendant Police Officers in an amount to be determined at trial;

4. On the Fourth Cause of Action, against all defendants, compensatory and punitive damages in an amount to be determined at trial;

5. On the Fifth Cause of Action, against all defendants, compensatory and punitive damages in an amount to be determined at trial;

6. On the Sixth Cause of Action, against all defendants, compensatory and punitive damages in an amount to be determined at trial;

7. On the Seventh Cause of Action, against all defendants, compensatory and punitive damages in an amount to be determined at trial;

8. On the Eighth Cause of Action, against defendant City of New York, compensatory damages in an amount to be determined at trial; and

9. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated: April 24, 2009
Brooklyn, New York

Respectfully Submitted,

By: _____
Ugochukwu Uzoh, Esq. [UU-9076]
255 Livingston Street,
4th Floor
Brooklyn, New York 11217
Tel. No.  : (718) 874-6045
Fax No.   : (718) 576-2685

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

COLIN BARTLEY,

                                                Plaintiff(s),

                       against

THE CITY OF NEW YORK, DETECTIVE ALBERT VELEZ [SHIELD NO. 4287] AND DETECTIVE IRVIN NOAK [SHIELD NO. 854],

                                                Defendant(s).

---

**AMENDED SUMMONS & COMPLAINT**
**DEMANDS TRIAL BY JURY**

---

**LAW OFFICES OF UGO UZOH, P.C.**
255 LIVINGSTON STREET, 4TH FLOOR, BROOKLYN, NY 11217
TELEPHONE: (718) 874-6045; FACSIMILE: (718) 576-2685
EMAIL: u.ugochukwu@yahoo.com

---

To:

Defendant(s)/Attorney(s) For Defendant(s).

---

      Service of a copy of the within is hereby admitted

              Dated:_____

          Attorney(s) For:_____