UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

COLIN BARTLEY,

                            Plaintiff,

                          -against-

THE CITY OF NEW YORK, DETECTIVE ALBERT VELEZ [SHIELD NO. 4287], DETECTIVE IRVIN NOAK [SHIELD NO. 854],

                            Defendants.

------------------------------------------------------------------------ x

**ANSWER TO AMENDED COMPLAINT**

08 CV 10797 (RMB)

Jury Trial Demanded

       Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the amended complaint ("complaint"), respectfully alleges, upon information and belief, as follows:[1]

       1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

       2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

       3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

       4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to invoke the Court's supplemental jurisdiction as stated therein.

---

[1] Upon information and belief, the individuals identified in the caption as "DETECTIVE ALBERT VELEZ [SHIELD NO. 4287]" and "DETECTIVE IRVIN NOAK [SHIELD NO. 854]" have not been served with process. Thus, they are not parties to this action.

5. Denies the allegations set forth in paragraph "5" of the complaint except admits that plaintiff purports to lay venue as stated therein.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that Albert Velez and Irvin Noak are employed by the New York City Police Department.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York is a municipal corporation and respectfully refers the Court to the New York City Charter and the Administrative Code, and employs Albert Velez and Irvin Noak.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, except admits that plaintiff was arrested for Burglary in the 3rd Degree on March 1, 2007.

10. Denies the allegations set forth in paragraph "10" of the complaint.

11. Denies the allegations set forth in paragraph "11" of the complaint.

12. Denies the allegations set forth in paragraph "12" of the complaint.

13. Denies the allegations set forth in paragraph "13" of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint, except admits that the complaint was filed on or about December 12, 2008.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. In response to the allegations set forth in paragraph "44" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. In response to the allegations set forth in paragraph "48" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

49. Denies the allegations set forth in paragraph "49" of the complaint.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. Denies the allegations set forth in paragraph "51" of the complaint.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. Denies the allegations set forth in paragraph "53" of the complaint.

54. Denies the allegations set forth in paragraph "54" of the complaint.

55. In response to the allegations set forth in paragraph "55" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

56. Denies the allegations set forth in paragraph "56" of the complaint.

57. Denies the allegations set forth in paragraph "57" of the complaint.

58. Denies the allegations set forth in paragraph "58" of the complaint.

59. Denies the allegations set forth in paragraph "59" of the complaint.

60. Denies the allegations set forth in paragraph "60" of the complaint.

61. In response to the allegations set forth in paragraph "61" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

62. Denies the allegations set forth in paragraph "62" of the complaint.

63. Denies the allegations set forth in paragraph "63" of the complaint.

64. Denies the allegations set forth in paragraph "64" of the complaint.

65. In response to the allegations set forth in paragraph "65" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

66. Denies the allegations set forth in paragraph "66" of the complaint.

67. Denies the allegations set forth in paragraph "67" of the complaint.

68. Denies the allegations set forth in paragraph "68" of the complaint.

69. Denies the allegations set forth in paragraph "69" of the complaint.

70. Denies the allegations set forth in paragraph "70" of the complaint.

71. Denies the allegations set forth in paragraph "71" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

72. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

73. Defendant has not violated any rights, privileges, or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor has defendant violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

74. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendant.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

75. Plaintiff cannot obtain punitive damages as against the City of New York.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

76. At all times relevant to the acts alleged in the complaint, defendant City, its agents and officials, acted reasonably, properly, lawfully and in good faith in the exercise of their discretion. Consequently, defendant City of New York is entitled to governmental immunity.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

77. Plaintiff may have failed to satisfy all of the conditions precedent to suit.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

78. There was probable cause for plaintiff's arrest, detention and prosecution.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

79. This action may be barred, in whole or in part, for plaintiff's failure to comply with New York General Municipal Law § 50(e) and 50(i).

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

80. Any purported state law claims are barred by the applicable statute of limitations.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       May 14, 2009

                              MICHAEL A. CARDOZO
                              Corporation Counsel
                              of the City of New York
                              *Attorney for Defendant City of New York*
                              100 Church Street, Room 3-193
                              New York, New York 10007
                              (212) 788-1816

                By:        /s/
                              _____
                              Gabriel P. Harvis
                              Assistant Corporation Counsel
                              Special Federal Litigation Division

To:    Ugochukwu Uzoh, Esq. (by ECF)
        *Attorney for Plaintiff*
        255 Livingston Street
        4th Floor
        Brooklyn, New York 11217

08 CV 10797 (RMB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COLIN BARTLEY,

                        Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE ALBERT VELEZ [SHIELD NO. 4287], DETECTIVE IRVIN NOAK [SHIELD NO. 854],

                        Defendants.

## ANSWER TO AMENDED COMPLAINT

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Gabriel P. Harvis*
*Tel: (212) 788-1816*
*NYCLIS No. 2008042262*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................, 2009*

*.................................................................... Esq.*

*Attorney for............................................................*